IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD DeSHIELDS                                                            PLAINTIFF

v.                          CASE NO.: 07-5098

SHERIFF KEITH FERGUSON                                     DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Order (Doc. 9) and Motion for Injunctive Relief (Doc. 10). Plaintiff proceeds pro se and *in forma pauperis*, naming as defendant Sheriff Keith Ferguson.

Plaintiff's Motion for Order and Motion for Injunctive Relief both request that Defendant be ordered to put Plaintiff on a soft diet tray and provide dental care. As they both appear to seek immediate relief, the Motions will be construed by the Court as Motions for a Preliminary Injunction.

In deciding a motion for a preliminary injunction, a district court balances four factors, the often quoted "*Dataphase* Factors": (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). A preliminary injunction is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.,* 815 F.2d 500, 503 (8th Cir.1987), and the burden of establishing the propriety of an injunction is on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995). The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir.1987).

Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir.1996); *Gelco,* 811 F.2d at 420. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Bandag, Inc. v. Jack's Tire & Oil, Inc.,* 190 F.3d 924, 926 (8th Cir.1999)

(quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). When there is an adequate remedy at law, a preliminary injunction is not appropriate. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989).

In this case, Plaintiff has stated he has lost weight due to the lack of a soft tray and has suffered pain from his dental injuries. Plaintiff's grievances also show that he saw the nurse or doctor within days after his complaints of tooth pain. There is no documentation of any type of the harm Plaintiff alleges will occur to him. Plaintiff has not provided any medical or other documentation to substantiate his claims of pain and weight loss. Moreover, it appears the pursuit of the above-styled case is an adequate remedy at law to satisfy Plaintiff's claims.

Accordingly, it is recommended that Plaintiff's Motion for Order (Doc. 9) and Motion for Injunctive Relief (Doc. 10) be DENIED.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 7th day of November 2007.

      /s/ *J. Marschewski*
      HON. JAMES R. MARSCHEWSKI
      UNITED STATES MAGISTRATE JUDGE