IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD DeSHIELDS                                                                                      PLAINTIFF

v.                                              CASE NO.: 07-5098

SHERIFF KEITH FERGUSON                                                                        DEFENDANT

## ORDER

Before the Court are Plaintiff's Motion for Order (Doc. 11). Plaintiff proceeds pro se and *in forma pauperis*, naming as defendant Sheriff Keith Ferguson.

Plaintiff's Motion for Order (Doc. 11) requests that the court order his institution of incarceration to allow him "unfettered access" to the law library for preparation of his case. Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Lewis v. Casey,* 518 U.S. 343 (1996); *Bounds v. Smith,* 430 U.S. 817, 821 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. *Casey,* 518U.S. at 348; *Bounds,* 430 U.S. at 824-28. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. *Casey,* 518 U.S. at 341; *Bounds*, 430 U.S. at 828.

To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *Casey,* 518 U.S. at 341. Alleging theoretical inadequacies is insufficient. *Id.* Inmates must instead show, for example,

that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all. *Id.*

Plaintiff has not, at this time, made a showing of any harm to his case, or any other grounds that would provide the basis for the relief he seeks. Thus, Plaintiff's Motion for Order (Doc. 11) is DENIED at this time. However, the court will construe Plaintiff's Motion for Order (Doc. 11) as a supplement to his Complaint for a claim of denial of access to the courts so that Plaintiff will have the opportunity to further develop his allegations.

IT IS SO ORDERED this 8th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE